## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JUSTIN WESLEY KENNEDY,**
**#36664-044**

        **Petitioner,**

                              **No. 17−cv−161−DRH**

**vs.**

**WARDEN,**

        **Respondent.**

### **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

       Petitioner Justin W. Kennedy, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  In the Petition, he argues that under the recent decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his enhanced career-offender sentence is unconstitutional.  (Doc. 1).

       Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## **The Petition**

In his criminal case in the Eastern District of Missouri, *United States v. Kennedy*, No. 1:09-cr-170-CEJ, Petitioner pled guilty to one offense: Conspiracy to Manufacture a Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C).  (Doc. 1-1, p. 3).  He was sentenced to 151 months imprisonment, 3 years of supervised release, and a mandatory special assessment fee of $100.  (Doc. 1-1, p. 3).  The career-offender enhancement was imposed pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on two prior convictions for attempted manufacture of methamphetamine and possession of ephedrine with intent to manufacture methamphetamine.   (Doc. 1-1, p. 5).   As a result of the career-offender determination, Petitioner's total offense level was raised from 23 to 29, and the corresponding sentencing guideline range increased from 92-115 months to 151-188 months incarceration.  (Doc. 1-1, pp. 5-6).

Petitioner appealed his conviction, but his appeal was dismissed.  (Doc.1-1. p. 7).  Petitioner also filed a § 2255 petition arguing that he received ineffective assistance of counsel.  *Id.*  Petitioner's § 2255 petition was denied.  *Id.*  Petitioner now argues that pursuant to *Mathis*, he should be resentenced without enhancement because one or both of his underlying convictions do not constitute controlled substance offenses under the reasoning in *Mathis*, as the elements of Petitioner's underlying offenses criminalize a greater swath of conduct than the elements of the relevant guidelines offense.  (Doc. 1-1, pp. 18-21).

2

**Discussion**

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases under the "savings clause" of § 2255(e).  The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.  See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive;

and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

The instant Petition meets the first requirement as *Mathis* is clearly a case of statutory interpretation. *See Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The Petition also meets the second requirement. As noted above, the Seventh Circuit has indicated that *Mathis* is a substantive rule. *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The Court, however, cannot ascertain whether the third requirement is met. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). Thus,

*Mathis* focused on what constitutes a prior violent felony under the ACCA. Notably, "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). However, *Mathis* is likely also applicable to the career offender guidelines, in that the "decision in *Mathis* clarified when and how the modified categorical approach is applied in the context of federal sentencing," and did not necessarily limit itself to cases involving the ACCA. *Id.*

Petitioner argues that *Mathis* applies to his case and enables this Court to review the Eastern District of Missouri's determination that his prior drug-related offenses could act as predicates for the career offender enhancement, claiming that, like in *Hinkle*, one or both of his drug-related convictions cannot be considered predicate offenses under the career-offender guidelines provision. (Doc. 1-1, pp. 13-19). He first argues that the statute underlying his attempt to commit the offense of manufacture of methamphetamine conviction is broader than the "controlled substance offense" definition under § 4B1.2 of the Guidelines, particularly because the statute does not require the possession of any illegal substances. (Doc. 1-1, pp. 18-19). He further claims that the facts underlying his possession of ephedrine conviction similarly do not support a controlled substance offense, for the statute under which he was convicted or, construing the Petition liberally, § 4B1.2. (Doc. 1-1, pp. 20-21).

The Court is without sufficient information to determine whether the

statutes underlying the convictions resulting in Petitioner's status as a career offender are indeed broader than the relevant definition in § 4B1.2.  If not, there is no grave error constituting a miscarriage of justice and the Petition must be dismissed.  However, at this stage in the litigation, the Court finds it prudent to allow Petitioner's claim to proceed.  That is, during its initial review, the Court declines to find that Petitioner's *Mathis* claim is without merit.  Therefore, the Court **ORDERS** respondent Warden of Marion USP to file a response to the Petition.

**IT IS HEREBY ORDERED** that Respondent **WARDEN** of Marion USP shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before April 27, 2017).[1]  This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a

---

[1] The response date ordered herein is controlling.  Any date that CM/ECF should generate in the course of this litigation is a guideline only.

referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 27th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.27
16:42:50 -05'00'

UNITED STATES DISTRICT JUDGE