IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JUSTIN WESLEY KENNEDY,**
    **Petitioner,**

v.                                                     No. 3:17-cv-00161-DRH-CJP

**Warden,**
    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Justin Wesley Kennedy (Petitioner), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. (Doc. 1).[1] He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 8). Respondent argues the petition must be dismissed because petitioner waived his right to file a collateral attack. Petitioner opposes the motion at Doc. 11.

## Relevant Facts and Procedural History

In 2010, Petitioner pleaded guilty to one count of Conspiracy to Manufacture a Substance Containing a Detectable Amount of Methamphetamine in the Eastern District of Missouri. *United States v. Kennedy*, No. 1:09-cr-170-CEJ.

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

The District Court applied the career-offender enhancement pursuant to the United States Sentencing Guidelines ("USSG") at § 4B1.1, based on Petitioner's prior convictions for attempted manufacture of methamphetamine and possession of ephedrine with intent to manufacture methamphetamine. (Doc. 1-1, p. 5). Consequently, Petitioner's offense level increased from 23 to 29 and his guideline range increased from 91-115 months to 151-188 months incarceration. (Doc. 1-1, pp. 5-6). He ultimately received a sentence of 151 months, three years of supervised release, and a mandatory special assessment of $100. (Doc. 1-1, p. 7).

Petitioner entered into a plea agreement with the Government in relation to his guilty plea. (Doc. 8-1). The agreement contained a waiver of the right to appeal or file a collateral attack:

> (1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.
>
> (a) Non-Sentencing Issues: In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearing and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.
>
> (b) Sentencing Issues: Both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues related to the determination of the Total Offense Level, the Criminal History Category and Career Offender status.
>
> (2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to

> Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.

(Doc. 8-1).

Petitioner directly appealed his conviction, unsuccessfully. (Doc. 8-7). He then filed a § 2255 petition arguing ineffective assistance of counsel, which the District Court denied. (Doc. 8-10).

## Analysis

Petitioner relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016) to argue his prior drug convictions do not qualify as controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.2. It is unnecessary to consider the substantive merits of his argument because the waiver in Petitioner's plea agreement bars his collateral attack.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a § 2241 petition; the waiver does not make the remedy afforded by § 2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d

265, 266 (7th Cir. 2016).

In response to Respondent's Motion to Dismiss, Petitioner attacks the waiver's validity on several bases. He asserts his counsel was ineffective in: (1) negotiating the plea; (2) allowing him to enter into the agreement unknowingly or involuntarily; (3) failing to highlight a Department of Justice (DOJ) memorandum to federal prosecutors which rendered the waiver null and void; and, (4) failing to raise the point that upholding his sentence would result in a miscarriage of justice.

*1. The Waiver was Entered Into Knowingly and Voluntarily*

An appeal waiver is valid only if it was entered into knowingly and voluntarily. *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). Petitioner argues he did not enter into the waiver knowingly because the District Court and the parties could not anticipate the ruling in *Mathis*. The Seventh Circuit has "consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009). The Seventh Circuit views plea agreements through the lens of contract law, albeit with certain Constitutional considerations. *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). In a contract, and equally in a plea agreement, a person binds himself to do something in exchange for some benefit, and assumes the risk of future changes in circumstances. *Id.* Accordingly, the fact that Petitioner, here, may have struck what turned out to be a bad bargain does not render his plea

agreement invalid.

The record otherwise demonstrates the appeal waiver was made knowingly and voluntarily. The Seventh Circuit has held "if there is express waiver of appeal language in the plea agreement and the agreement as a whole was accepted following a Rule 11 colloquy, we have held the waiver was knowing and voluntary." *United States v. Agee*, 83 F.3d 882, 886 (7th Cir. 1996). During Petitioner's plea colloquy, the court gave Petitioner a copy of the plea agreement and asked whether Petitioner reviewed the document with his lawyer, read it, and understood it. Petitioner responded that he did, and that all of his questions had been answered to his satisfaction. (Doc. 8-2, p. 10). Moreover, Petitioner signed the plea agreement that contains a paragraph entitled "Voluntary Nature of the Plea and the Plea Agreement, Recommendations and Stipulations," which acknowledges Petitioner entered into the agreement voluntarily and knowingly. (Doc. 8-1, pp. 14-15).

The transcript from the trial court's proceedings demonstrates Petitioner's plea agreement, and the appeal waiver contained therein, was entered into knowingly and voluntarily. A subsequent change in law does not invalidate a plea agreement and, thus, the waiver withstands scrutiny unless Petitioner can show his counsel was ineffective, the sentencing court relied on an unconstitutional factor, or the sentence exceeded the statutory maximum.

2. *Petitioner Received Effective Assistance of Counsel*

Petitioner next asserts the waiver does not bar his collateral attack because his counsel was ineffective. A valid waiver of appeal does not preclude judicial review of whether the agreement, itself, was the product of ineffective assistance of counsel. *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001). To establish ineffective assistance of counsel, a petitioner must demonstrate his counsel's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "but for counsel's unprofessional errors, the result of the proceeding would have been different," *Id.* at 694. In other words, a petitioner must show deficiency and resulting prejudice.

Petitioner, here, asserts his counsel was ineffective because he failed to inform Petitioner "of the relevant circumstances and likely consequences of pleading guilty or proceeding to trial," and "failed to provide [Petitioner] with an estimated range of the penalties that could result from a trial conviction." (Doc. 11, p. 7).

Petitioner's claim is procedurally barred because he has already raised the issue of ineffective assistance of counsel, unsuccessfully, in his initial § 2255 petition. See Doc. 8-9. Nonetheless, Petitioner's claim remains substantively defective. Petitioner does not set forth a cogent argument connecting his counsel's alleged deficiencies to a resulting prejudice. He asserts his counsel did not fully inform him of the consequences of pleading guilty, yet admits he would have pleaded guilty regardless of his counsel's advice.

Instead, Petitioner asserts he was prejudiced because, but for his counsel's

deficient performance, he would have foregone the plea agreement, pleaded guilty, and received the same sentence while retaining the right to appeal. This argument is unsupported and conclusory. "[S]elf-serving speculation will not sustain an ineffective assistance claim," *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991), and Petitioner's argument for ineffective assistance of counsel thus fails.

### 3. *Petitioner Fails to Identify a Valid Ground for Invalidating the Waiver*

Petitioner sets forth two final bases for invalidating the waiver, which the Seventh Circuit has not recognized as grounds for escaping an appeal waiver.

Petitioner asserts the career offender enhancement resulted in a "miscarriage of justice," citing *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011). *Narvaez* recognized that an erroneous career offender enhancement may, in certain circumstances, "constitute[] a miscarriage of justice" and warrant habeas relief. However, the petitioner in *Narvaez* did not waive his right to appeal and the Seventh Circuit did not articulate an escape hatch for waivers based on its holding.

Petitioner also argues a DOJ memorandum renders the waiver null and void. In October 2014, Deputy Attorney General James Cole issued a Memorandum to all federal prosecutors, which stated, in part, "Federal prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law made on direct appeal." (Doc. 11, p. 6).

A DOJ policy change is not a recognized exception to an appeal waiver that would release Petitioner from his agreement. Moreover, DOJ policies, such as the one at issue here, are internal guidelines for the exercise of prosecutorial discretion; they do not create a substantive right for a party to enforce and are not subject to judicial review. *United States v. Mitchell*, 778 F.2d 1271, 1276 (7th Cir. 1985). Finally, Petitioner never waived future claims of ineffective assistance of counsel. In fact, his appeal waiver specifically preserved those claims. See Doc. 8-1, pp. 3-4.

## Conclusion

Petitioner entered a plea agreement knowingly and voluntarily, in which he waived his right to appeal. The Seventh Circuit recognizes narrow exceptions to enforcing an appeal waiver, but Petitioner has failed to demonstrate that any apply here. Thus, the waiver commands dismissal of Petitioner's collateral attack of his sentence under *Mathis*.

Based on the foregoing, respondent's Motion to Dismiss (Doc. 8) is **GRANTED**. Petitioner Justin Wesley Kennedy's Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.21
15:30:39 -06'00'

**UNITED STATES DISTRICT JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that, if he intends to file a motion pursuant to Federal Rule of Civil Procedure 59(e), that motion must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).